UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.: 1:25-cv-03539

RANDAL FORD PRODUCTIONS, INC,

            Plaintiff,

v.

KROTO INC. dba ICANVAS,

            Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff RANDAL FORD PRODUCTIONS, INC by and through its undersigned counsel, brings this Complaint against Defendant KROTO INC. dba ICANVAS for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff RANDAL FORD PRODUCTIONS, INC ("RFP") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute RFP's original copyrighted Work of authorship. RFP further brings this action for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for the false addition of copyright management information.

2. Randal Ford ("Ford"), owner of RFP, is a high end photographer. Ford's works have appeared on the cover of Time Magazine, 20 different Texas Monthly covers, and the cover of Communication Arts. To name a few, Ford has been commissioned to create works for brands such as Anheuser Busch, Comcast, Frito Lay, LL Bean, Pepsi, Pfizer, Verizon, & Yeti.

3. Defendant KROTO INC. dba ICANVAS ("iCanvas") is an online retailer that sells canvas art prints featuring a variety of designs, including contemporary art and photography. The company partners with artists and produces prints in-house for sale to consumers. At all times relevant herein, iCanvas owned and operated the internet website located at the URL http://icanvas.com (the "Website").

4. Upon information and belief, a third-party artist uploaded or provided an infringing copy of the Work to iCanvas for purposes of selling the unauthorized copy on iCanvas' Website. On the unauthorized copy of the Work, the third-party artist applied copyright management information along the bottom of the unauthorized copy.

5. RFP alleges that iCanvas obtained an unauthorized copy RFP's copyrighted Work and displayed the Work on the internet in order to advertise, market and promote its business activities. iCanvas committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. iCanvas is subject to personal jurisdiction in Illinois.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, iCanvas engaged in infringement in this district, iCanvas resides in this district, and iCanvas is subject to personal jurisdiction in this district.

**DEFENDANT**

10. Kroto Inc. dba iCanvas is an Illinois Corporation, with its principal place of business at 8280 Austin Ave, Morton Grove, Illinois, 60053, and can be served by serving its Registered Agent, Trent Cornell, 55 W Monroe Street, Suite 1200, Chicago, Illinois, 60603.

**THE COPYRIGHTED WORK AT ISSUE**

11. In 2015, RFP created the photograph entitled "Dairy_Cow_01_VF," which is shown below and referred to herein as the "Work".



12. RFP registered the Work with the Register of Copyrights on September 22, 2016, and was assigned registration number VA 2-086-970. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. At all relevant times RFP was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY ICANVAS

14. At all times material hereto, iCanvas was not licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work was created, but prior to the filing of this action, a third-party artist copied the Work without RFP's permission.

16. After copying the Work, the Work was distributed to iCanvas. Once iCanvas received the Work, it made further copies, then distributed and displayed the Work on its Website to promote the sale of goods and services as part of its canvas printing and distribution business.

17. On or about September 12, 2024, RFP discovered the unauthorized use of its Work on the Website.

18. iCanvas copied RFP's copyrighted Work without RFP's permission.

19. iCanvas committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

20. RFP never gave iCanvas permission or authority to copy, distribute or display the Work.

21. RFP never gave the third-party from whom iCanvas obtained the Work permission or authority to copy, distribute, or display the Work.

22. When the third-party copied and displayed the Work, they added copyright management information to the Work in the form of the third-party's signature along the bottom right corner of the unauthorized copy.

4
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

23. RFP never gave the third-party permission or authority to add their copyright management information to the Work, or display, distribute, or otherwise use an unauthorized derivative work of the Work that included the third-party's copyright management information.

24. Since iCanvas failed to register a designated agent to receive takedown notices with the U.S. Copyright Office, it is not entitled to the DMCA safe-harbor protections under 17 U.S.C. § 512.

25. RFP notified iCanvas of the allegations set forth herein on September 17, 2024 and October 2, 2024. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

26. RFP incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. RFP owns a valid copyright in the Work.

28. RFP registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. iCanvas copied, displayed, and distributed the Work and made derivatives of the Work without RFP's authorization in violation of 17 U.S.C. § 501.

30. iCanvas performed the acts alleged in the course and scope of its business activities.

31. Defendant's acts were willful.

32. RFP has been damaged.

33. The harm caused to RFP has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

34. RFP incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35. As owner and operator of the Website, iCanvas has the authority to review, supervise, and regulate the content and materials that are present on the Website.

36. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of selling art canvases.

37. iCanvas has a direct financial interest in the infringing material because it derives profits from the canvases sold on its Website displaying the infringed Work.

38. Despite having the ability to stop the infringed Work from being displayed on its Website, iCanvas allowed the materials to remain up for display for purposes of generating sales of the infringed Work in canvas form.

39. To the extent that the actions described above were performed by the third-party artist alone, iCanvas is vicariously liable for the artist's unauthorized copying, display, distribution, and creation of derivative works of the Work described above.

## COUNT III
## VICARIOUS LIABILITY FOR ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

40. RFP incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

41. As owner and operator of the Website, iCanvas has the authority to review, supervise, and regulate the content and materials that are present on the Website.

42. The Work contains false copyright management information in the form of the third-party artist's signature on the Work as displayed on the Website.

43. The third-party artist, knowingly and with the intent to enable or facilitate copyright infringement, added its copyright management information to the Work in violation of 17 U.S.C. § 1202(a) in the form of a signature embedded upon the Work, as shown below:



44. The third-party artist distributed copies of the Work to third parties which included false copyright management information conveyed in connection with the Work.

45. The third-party artist caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal

infringement of RFP's rights in the Work at issue in this action protected under the Copyright Act.

46. After the third-party artist applied false copyright management information to the Work, they distributed copies bearing false copyright management information to iCanvas, who then published the unauthorized copies to the Website in violation of 17 U.S.C. § 1202(a).

47. iCanvas has a direct financial interest in the infringing material because it derives profits from the canvases sold on its Website displaying the infringed Work.

48. To the extent that the actions described above were performed by the third-party artist alone, iCanvas is vicariously liable for the artist's unauthorized addition of its copyright management information to the Work.

49. To the extent that the actions described above were performed by the third-party artist alone, iCanvas is vicariously liable for the artist's unauthorized distribution of the Work with the artist's copyright management information included.

WHEREFORE, Plaintiff RANDAL FORD PRODUCTIONS, INC prays for judgment against Defendant KROTO INC dba ICANVAS that:

    a. iCanvas and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b. iCanvas be required to pay RFP its actual damages and Defendant's profits attributable to the infringement, or, at RFP's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c. iCanvas be held vicariously liable for violations of 17 U.S.C. §501 and 1202 by the third-party who infringed on RFP's Work;

SRIPLAW

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

d. RFP be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

e. RFP be awarded pre- and post-judgment interest; and

f. RFP be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

RFP hereby demands a trial by jury of all issues so triable.

Dated: April 2, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ J. Campbell Miller*
　　　　　　　　　　　　　　　　　　　J. CAMPBELL MILLER
　　　　　　　　　　　　　　　　　　　Bar Number: 6345233
　　　　　　　　　　　　　　　　　　　campbell.miller@sriplaw.com

　　　　　　　　　　　　　　　　　　　**SRIPLAW, P. A.**
　　　　　　　　　　　　　　　　　　　742 South Rangeline Road
　　　　　　　　　　　　　　　　　　　Carmel, GA 46032
　　　　　　　　　　　　　　　　　　　332.600.5599 – Telephone
　　　　　　　　　　　　　　　　　　　561.404.4353 – Facsimile

　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　EVAN A. ANDERSEN
　　　　　　　　　　　　　　　　　　　Bar Number: 377422
　　　　　　　　　　　　　　　　　　　evan.andersen@sriplaw.com

　　　　　　　　　　　　　　　　　　　**SRIPLAW, P. A.**
　　　　　　　　　　　　　　　　　　　3355 Lenox Road NE
　　　　　　　　　　　　　　　　　　　Suite 750
　　　　　　　　　　　　　　　　　　　Atlanta, GA 30326
　　　　　　　　　　　　　　　　　　　470.598.0800 – Telephone
　　　　　　　　　　　　　　　　　　　561.404.4353 – Facsimile

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Randal Ford Productions, Inc*